# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jessica Calloway,**
**Claimant Below, Petitioner**

**vs.)**   **No. 22-0186**   (BOR Appeal No. 2057300)
(JCN: 2019022360)

**Plant Essentials, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jessica Calloway appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Plant Essentials, Inc., filed a timely response.[1] The issue on appeal is whether the treatment requested by Ms. Calloway is medically related and reasonably required to treat her compensable condition. By orders dated July 22, 2020; August 7, 2020; August 10, 2020; September 9, 2020; September 29, 2020; and December 17, 2020, the claims administrator denied authorization for additional physical therapy. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the orders of the claims administrator in its final decision dated August 11, 2021. The decision was affirmed by the Board of Review on February 7, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On April 18, 2019, Ms. Calloway presented to MedExpress for an injury to her right foot after a large plant cart rolled over it. No fractures were evidenced on x-rays of the foot and ankle. The claimant was diagnosed with an unspecified sprain of the right foot. She was eventually seen by Frederic Pollock, M.D., on May 9, 2019. Dr. Pollock prescribed physical therapy. Ms. Calloway's first physical therapy session was at First Settlement Physical Therapy on May 29, 2019. After determining that the claimant had decreased strength, tenderness to palpation, decreased flexibility, and antalgic abnormalities and hypersensitive touch, it was recommended that a treatment plan be created to address range of motion impairments and functional deficits be

---

[1]Petitioner is represented by Patrick K. Maroney, and the respondent is represented by Steven K. Wellman and James W. Heslep.

addressed through skilled therapy sessions. Ms. Calloway was to attend physical therapy 2-3 times a week for 8-12 weeks from May 30, 2019, to July 18, 2019. While participating in physical therapy, Ms. Calloway experienced increased range of motion/mobility/flexibility and the ability to bear weight.

On July 24, 2019, Dr. Pollock referred Ms. Calloway to Timothy Deer, M.D., for pain management. After reviewing the claimant's history and performing a physical examination, Dr. Deer assessed complex regional pain syndrome type II of the right lower limb. An EMG revealed right S1 radiculopathy with a local gastrocnemii injury. Although dorsiflexion of the right foot had improved some with physical therapy, Dr. Deer found that Ms. Calloway continued to have persistent right foot pain, and she was unable to walk or apply weight to the right foot. She was also using a knee walker for ambulation. Dr. Deer prescribed medication and referred the claimant for physical therapy for 8 weeks for desensitization therapy. Ms. Calloway resumed physical therapy at the Center for Pain Relief on August 19, 2019. Between that date and December 2, 2019, the claimant underwent an additional 30 sessions of physical therapy.

On October 3, 2019, Wilfrido Tolentino, PA-C, saw Ms. Calloway for a follow-up visit concerning unsuccessful lumbar sympathetic plexus blocks that had been previously performed. Physical therapy was noted to be ongoing and "helping slightly." Mr. Tolentino requested a trial dorsal root ganglion ("DRG") spinal cord stimulator. The next day, October 4, 2019, Ms. Calloway submitted a daily physical therapy report from the Center for Pain Relief indicating that she was attending physical session number 14 (25 total). The physical therapist reported some improvements in the claimant's measurable response to treatment.

On December 23, 2019, Ms. Calloway was examined by Dr. Deer, whose assessment was complex regional pain syndrome type I of the right lower limb; complex regional pain syndrome type II of the right lower limb; and chronic pain syndrome. The trial DRG treatment was pending authorization. Dr. Deer noted that the claimant failed at least six consecutive months of conservative medical management. The plan was to proceed with the trial DRG treatment once authorization was approved. Ms. Calloway followed-up with Dr. Deer on January 6, 2020, and reported increased pain in her right foot and left hip. Dr. Deer assessed her with left sacroiliitis, bursitis of the left hip, and complex regional pain syndrome type I and II. Dr. Deer ordered left S1 joint and left hip bursa injections due to antalgic gait from the right foot. He found atrophy, discoloration, and allodynia of the right foot. Dr. Deer noted that the delay in approving DRG treatment was making the condition worse, and he ordered a Medrol dose pack and a left hip x-ray.

On February 8, 2020, the claims administrator accepted the diagnoses of right foot fracture and complex regional pain syndrome of the right lower limb, Type I, to be included in the claim. It did not accept complex regional pain syndrome of the left lower limb, Type II; bursitis of the left hip; and sacroiliitis as being compensable conditions in the claim. Ms. Calloway did not file a grievance or protest and the denial of these diagnoses is now final. However, the request for a DRG spinal cord stimulator treatment was authorized by the claims administrator on March 16, 2020. From that treatment, Ms. Calloway reported receiving 80% relief. She was able to walk better and sleep, as well as attend her son's swim meets which she hadn't been able to do since her

injury. There was clear functional improvement with the trial DRG. When the trial ended, pain and decreased function returned. It was noted that the claimant had been approved for six physical therapy sessions.

The claims administrator approved the request for a permanent DRG spinal cord stimulator for the right lower limb on March 16, 2020. By orders dated April 16, 2020, the claims administrator added the diagnoses of bursitis of the left hip and aggravation as compensable conditions in the claim, and SI joint and left hip bursa injections were approved. The claims administrator referred a request for a repeat left hip greater trochanter bursa injection for peer review on May 5, 2020. Following authorization, Dr. Deer implanted a permanent lumbar DRG stimulator.

On June 17, 2020, Ms. Calloway followed-up with Tara Tackett, FNP-C, with the Center for Pain Relief, and it was reported that the DRG placement was providing 80-90% relief. A request was made for physical therapy two days a week for eight weeks in hopes of improving strength and mobility under a multimodal treatment plan. On July 20, 2020, the claims administrator's internal medical review physician, Cyrus Kao, M.D., determined that the additional physical therapy for the right lower limb was not medically necessary. Dr. Kao indicated that there was no report or documentation of any functional gains to be achieved with further therapies, including physical therapy. He opined that further therapy was not medically necessary. The request for physical therapy was denied by the claims administrator on July 22, 2020. An appeal of the non-certification decision was completed, and the claims administrator concluded in an order dated August 7, 2020, that the 16 sessions of additional physical therapy for the right lower limb was not medically necessary.

In a post-appeal order dated August 10, 2020, the claims administrator noted that the treatment was initially denied after Utilization Review when it noted that documentation fails to reflect the functional gains to be met with further therapies. It was also noted that clinical examinations do not corroborate the anatomic and physiologic correlation for functional gains to be met. The claimant's request for treatment for 16 sessions of additional physical therapy for the right lower limb was once again found not to be medically necessary. In response to receiving a subsequent request for additional physical therapy, the claims administrator issued an order dated September 9, 2020, which denied physical therapy 2 times a week for 8 weeks.

A second peer review was conducted by William M. Barreto, M.D., on September 22, 2020. Instead of 16 sessions of physical therapy, there was now a pending request for 12 sessions of physical therapy, along with multiple additional requests for authorization for therapy. Dr. Barreto reviewed and cited the West Virginia Treatment Guidelines and Official Disability Guidelines ("ODG") and noted that Ms. Calloway's previous treatment consisted of 27 sessions of therapy, DRG services, rest, and medication. Due to a lack of documentation of evidence of significant objective functional improvement derived from prior physical therapy, it was stated that it is unclear what extraordinary circumstance exists in which it would be appropriate for the injured worker to have additional physical therapy outside of guideline recommendations. The requested additional 12 physical therapy visits for the right lower limb was found to be not medically necessary. Dr. Barreto stated that the ODG supports up to 26 visits; however, he further

stated that the claimant had at least 27 sessions to date, which exceeds the recommended 26 visits. Dr. Barreto further opined:

> As such, there is no documentation of a rationale identifying the medical necessity of continued therapy rather than transitioning to an independent home exercise program. In addition, there remains no documentation of evidence of significant objective functional improvement derived from prior physical therapy. As such, the previous adverse determination's concern has not been addressed. Furthermore, there is no documentation of exam findings specific to the right leg. As such, there is no documentation of remaining functional deficits and functional goals. Therefore, the request for additional 12 PT visits, 2 times a week for six weeks for right lower limb is still not medically necessary.

The claims administrator denied the claimant's request for additional physical therapy in an order dated September 29, 2020.

Ms. Calloway underwent an independent medical evaluation conducted by Prasadarao B. Mukkamala on October 10, 2020. Dr. Mukkamala reviewed the claimant's medical history and records, and performed a physical examination before concluding that she had reached maximum medical improvement for the compensable diagnoses of right ankle sprain, small subtle fracture of the anterior process for the right calcaneus, and complex regional pain syndrome, Type I, of the right lower extremity. It was Dr. Mukkamala's professional opinion that Ms. Calloway does not require any further treatment other than maintenance medical management. He concluded that, "There is no indication for additional physical therapy." Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala recommended 9% whole person impairment for the compensable injury dated April 18, 2019.

A third peer review was conducted by David B. Hoenig, M.D., on December 11, 2020. Dr. Hoenig determined that the requested additional physical therapy sessions for right foot/lower leg, 2 times a week for six weeks, for a total of 12 sessions, is not medically necessary. Based on the documentation provided, Dr. Hoenig opined that complex regional pain syndrome is not satisfied under the Treatment Guidelines. In particular, he stated that there is a lack of clinical documentation as to "[w]hy the injured worker cannot utilize a home exercise program at this point." On December 17, 2020, the claims administrator issued an order which denied additional physical therapy sessions for the right foot/lower leg 2 times a week for 6 weeks.

On February 25, 2021, Ms. Calloway testified at deposition that, prior to physical therapy, she suffered from extreme pain when anything touched her foot. She was experiencing swelling, discoloration, and she was "non-weight bearing" for over four months. Ms. Calloway testified that she started physical therapy with First Settlement under the care of Dr. Pollock. Then she was sent to Dr. Deer at The Center for Pain Relief for physical therapy. After physical therapy, Ms. Calloway testified that she was able to use a walker and eventually a cane. Ms. Calloway felt that she was progressing with physical therapy because the sessions were helpful with desensitization, and she was able to regain stability and endurance. Ms. Calloway stated that she still has problems

with her foot, and she believes that physical therapy would help with her flexibility and the ability to walk and climb stairs.

On appeal to this Court, Ms. Calloway argues that her treating physician opined that she would benefit from specialized physical therapy that includes desensitization and flexibility for her complex regional pain syndrome of her right foot. The claimant believes that physical therapy, even with gradual improvement, is still reasonable and necessary when it provides her with increased range of motion and flexibility. The respondent counters by asserting that no medical evidence was submitted discussing the expected improvements from additional physical therapy, and there was no documentation of why Ms. Calloway cannot perform home exercises to address her physical treatment needs, if any.

In a final decision dated August 11, 2021, the Office of Judges acknowledged that medically related and reasonably required treatment for compensable injuries must be provided; however, the Office of Judges stated that West Virginia Code of State Rules § 85-20-1 sets forth parameters for any requested treatment. It was noted that West Virginia Code of State Rules § 85-20-4.1 provides:

> The treatment guidelines, standards, protocols, and limitations thereon provided for the injuries and diseases listed in this section are designed to assist health care providers in the evaluation and treatment of injured workers. The provisions of this Rule are not intended to strictly dictate results and it is recognized that there may be extraordinary cases that require treatments in addition to the treatments set forth in this Rule. However, the treatments and limitations on treatments set forth in this Rule are presumed to be medically reasonable and treatments in excess of those set forth in this rule are presumed to be medically unreasonable. A preponderance of evidence, including but not limited to, detailed and documented medical findings, peer reviewed medical studies, and the elimination of causes not directly related to a compensable injury or disease, must be presented to establish that treatments in excess of those provided for in this Rule are medically reasonable. To receive reimbursement from the Commission, insurance commissioner, self-insured employer or private carrier, whichever is applicable, for treatment in excess of that provided for in this Rule, all providers must thoroughly document and explain the action taken and the basis for the deviation from this Rule and shall receive authorization before providing said treatment.

West Virginia Code of State Rules § 85-20-46.2 provides for specific limitations for physical therapy and states, "[p]hysical medicine treatment shall not exceed 10 visits in the initial 14 days and must decrease in frequency thereafter. In no case shall the treatment exceed 16 visits in the initial 30 days or 12 visits in the second 30 days."

The Office of Judges determined that Ms. Calloway has exceeded the usual physical therapy limits of 28 visits. It was noted that the claimant testified to more than 50 visits at First Settlement and St. Francis, and the respondent asserts at least 41 sessions. Based upon the opinions of Drs. Mukkamala, Kao, Barreto, and Hoenig, the Office of Judges concluded that it is more likely

than not that additional physical therapy is not reasonable and necessary as treatment for the claimant's compensable injury. The Office of Judges further stated that there is no documentation to justify the additional physical therapy in the claim. The claims administrator's Orders dated July 22, 2020; August 7, 2020; August 10, 2020; September 9, 2020; September 29, 2020; and December 17, 2020, were affirmed. On February 7, 2022, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the final decision dated August 11, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The proposed physical therapy exceeds the guidelines for treatment under West Virginia C.S.R. § 85-20, and the record offers no evidence that this is an "extraordinary case" to warrant treatment exceeding the guidelines. As such, there is no evidence upon which it can be said that Ms. Calloway proved that additional physical therapy is either reasonable or necessary.

Affirmed.

**ISSUED: October 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn